```
UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )
                               )
       v.                      )
                               )   No. 07-CR-0024 DLJ
ARTEMIOS MANIATIS ET.AL.       )
                               )
                               )   ORDER
               Defendants.     )
_____)
```

On June 19, 2007, the Court held a status hearing in regard to Dimitrios Georgakoudis, who is a defendant in <u>United States v. Maniatis</u> et. al.  At the hearing, the government indicated its intention to move forward with charges against Dimitrios Georgakoudis and the Court set the matter for trial.  The Court also heard argument on a motion filed by a witness in the case, Pamfilo Contrano, requesting that he be allowed to return to the Philippines or alternatively, be deposed pursuant to Rule 15 of the Federal Rules of Criminal Procedure and then allowed to return to the Philippines.  The Court granted Contrano's motion and ordered the parties to depose him pursuant to Rule 15 so that he can return home.  For the reasons stated at the hearing and as are set forth below, the Court also orders the parties to conduct Rule 15 depositions of the following government witnesses: Farley Mendoza, Feliciano De Jesus, Hannibal Magtulis, Librado Garcia, and Jules Cepe.

**BACKGROUND**

The witnesses identified above were crew members of the M/T Captain X Kyriakou (the vessel), which entered the Port of Benicia on November 2, 2006.  Upon entering the Port of Benicia, the vessel was inspected by the United States Coast Guard who conducted a Port State Control Inspection and found evidence of violations of U.S.

1  laws and international regulations.  The case was referred to the
2  United States Attorney's Office who brought Indictments against the
3  vessel's Chief Engineer, Artemios Maniatis; the First Assistant
4  Engineer, Dimitrios Georgakoudis; and the vessel's operator,
5  Athenian Sea Carriers.  The Indictment charged Defendants with
6  conspiracy, making false statements, failing to maintain an
7  accurate oil record book, obstruction of justice, and destruction
8  of evidence.
9      Trial for all three defendants was set for May 15, 2007.
10 However, the day before trial, the Court had to sever Dimitrios
11 Georgakoudis from the trial because his attorney experienced a
12 family emergency that prevented him from representing Georgakoudis
13 at trial.  The other two defendants, Artemios Maniatis and Athenian
14 Sea Carriers, proceeded to trial and each of the crew member
15 witnesses identified above testified at trial.   Dimitrios
16 Georgakoudis' trial is set for September 24, 2007.  The government
17 has indicated that the testimony of these five witnesses is needed
18 for trial.
19     These five witnesses have been in the United States, waiting
20 for this matter to be resolved, since November 2, 2006.  Their
21 employer, Athenian Sea Carriers, paid their salaries until March of
22 2007.  However, since that time, they have not been paid and have
23 been unable to earn income to send home to their families.

**DISCUSSION**

25     Under 18 U.S.C. § 3144 a material witness can be arrested and
26 detained pending trial.  Rule 15 of the Federal Rules of Criminal

2

Procedure sets forth a procedure for taking the deposition of material witnesses in such a case. Rule 15 allows a detained material witness to petition the court to be deposed before trial and permits the court to order such a deposition and discharge the witness once he has signed under oath the deposition transcript. In this case, the Court finds that these five witnesses, while not formally detained under 18 U.S.C. § 3144, are functionally detained material witnesses under Rule 15. Their passports have been taken from them and they have been compelled to remain in the United States pending trial in this matter. In short, their lives have been placed on hold since November 2, 2006.

Requiring these witnesses to remain in the United States for at least another three months would not be in the interests of justice. As noted above, this case was set for trial on May 15, 2007 and the government and defense were prepared to go forward at that time. Accordingly, the government and defense have had ample time to prepare to question these witnesses and their testimony can be adequately preserved for trial through depositions.

The government and defense are ordered to confer with each other and the witnesses' counsel and begin scheduling these depositions. The depositions are to take place between Monday, July 2, 2007 and Friday, July 6, 2007. In the event that circumstances prevent completion of the depositions by this date, the parties are to explain to the Court the reasons for the delay and the schedule which will permit their completion. The depositions shall be taken pursuant to the provisions set forth in

3

Rule 15 of the Federal Rules of Criminal Procedure.  After a witness is deposed and signs the transcript under oath, he is to be given his passport and he is to be permitted to return to his home in the Philippines.

IT IS SO ORDERED

Dated: June 20, 2007

_____
D. Lowell Jensen
United States District Judge