```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     )
                             )   No. 07-CR-0024 DLJ
ARTEMIOS MANIATIS ET.AL.     )
                             )
                             )   ORDER
            Defendants.      )
_____)
```

On June 18, 2007, Michael Chalos and Brian McCarthy filed notice of their appearance as co-counsel on behalf of Defendant Dimitrios Georgakoudis.  The government objected to Chalos' and McCarthy's service as co-counsel arguing that they were prohibited from doing so because they previously represented Georgakoudis' co-defendant and employer Athenian Sea Carriers in this case.  The government has filed a brief supporting this assertion.  The Court ordered Chalos and McCarthy to brief and show cause as to why they should not be disqualified from serving as co-counsel.  The Court has reviewed the papers submitted by the parties.  For the reasons set forth below, the Court concludes that Chalos and McCarthy may serve as co-counsel to Georgakoudis in this case.

The Sixth Amendment guarantees the right to effective assistance of counsel to all criminal defendants. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Federal courts recognize a strong presumption in favor of allowing a defendant to be represented by counsel of his or her choice.  <u>Id</u>.  While this presumption is not absolute, a court will not interfere with a defendant's choice of counsel unless there is a showing of some actual or serious potential conflict.  <u>Id</u>.

In this case, the Court finds that there is no showing of an

actual conflict between Chalos' and McCarthy's service as co-counsel for Georgakoudis and their previous representation of his acquitted co-defendant Athenian Sea Carriers. Because Chalos' and McCarthy's representation of Athenian Sea Carriers terminated when their client was acquitted on all counts of the Indictment in a prior jury trial, this case involves successive representation and not simultaneous or joint representation of defendants. Both Georgakoudis and Athenian Sea Carriers are aware of the successive representation in this case and according to declarations filed by counsel, have waived any conflicts and consented to the successive representation in writing.

The Court finds that based on the circumstances of this case, there is no showing of the existence of an actual conflict of interest by Chalos' and McCarthy's successive representation of Georgakoudis and Athenian because the two parties are not adverse. The Indictment in this case did not allege that Athenian's officers or directors undertook any unlawful act, their liability in this case has been exclusively premised on the actions of their employees, Artemios Maniatis and Dimitrios Georgakoudis. Evidence at the now completed trial was wholly consistent with that position. Athenian Sea Carrier's position at the trial was that none of the alleged unlawful conduct took place -- which is the same defense that Georgakoudis has taken in filings made thus far in this case. Based on these circumstances, the Court finds no evidence that an actual conflict of interest exists.

Given the fact that the nature of the relationship between

2

these parties is not adverse, the Court finds that there is no real threat of a potential conflict of interest between Chalos' and McCarthy's representation of Georgakoudis and their previous representation of Athenian Sea Carriers.  In its moving papers, the government sets forth a list of examples describing potential conflicts that might occur from the successive representation in this case.  The likelihood of any of these potential conflicts arising is too remote and speculative to justify denying Georgakoudis representation by counsel of his choice in this matter.  The government points out that there may be a civil action brought against Athenian Sea Carriers which would also raise a problem of conflict.  Chalos and McCarthy, however, point out that there would not be a conflict as Athenian is in fact represented by separate counsel as to any civil action and they would not be involved in any such litigation.

For the foregoing reasons, the Court finds no reason to disqualify Chalos and McCarthy from co-representing Georgakoudis.

IT IS SO ORDERED

Dated: June 27, 2007

_____
D. Lowell Jensen
United States District Judge